# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 9, 2019

* * * * * * * * * * * * * *
MELISSA GREEN-HECK,    *      UNPUBLISHED
     *
     Petitioner,    *      No. 16-889V
     *      Special Master Gowen
v.    *
     *      Attorneys' Fees and Costs
SECRETARY OF HEALTH    *
AND HUMAN SERVICES,    *
     *
     Respondent.    *
* * * * * * * * * * * * * *

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.
Claudia B. Gangi, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 4, 2019, Melissa Green-Heck ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 54). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of **$32,864.13**.

### I.      Procedural History

On July 26, 2016, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that an influenza vaccination she received on October 4, 2014, caused or significantly aggravated her alleged neurological demyelinating injury, and that she experienced the residual effects of this injury for more than six months. On September 7, 2018, the parties filed

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

a stipulation, which I adopted as my Decision awarding damages on the same day. Decision, ECF No. 49.

On January 4, 2019, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for his attorneys at Conway, Homer, P.C. in the total amount of $32,864.13, representing $25,116.27 in attorneys' fees and $7,747.86 in costs. Fees App. at 1-2. Pursuant to General Order No. 9, Petitioner warrants that she not personally incurred any costs in pursuit of this litigation. ECF No. 55. Respondent reacted to the fees motion on January 28, 2019, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 56). Petitioner did not file a reply. The matter is now ripe for adjudication.

## II.    Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.    Attorneys' Fees

Petitioner requests various rates of compensation for the attorneys who worked on her case, predominantly Mr. Joseph Pepper, but also Mr. Homer, Ms. Christina Ciampolillo, Ms. Meredith Daniels, and Ms. Lauren Faga, as well as various paralegals and law clerks. Fees App. at 20. I have reviewed the requested rates and find them to be in conformance with what Conway, Homer, P.C. attorneys and staff have previously been awarded for their work by myself and other special masters. Accordingly, no adjustment to the requested rates is necessary.

Upon review of the submitted billing statement, I find the overall hours spent on this matter (111.63) appear to be reasonable. The billing entries appear to accurately reflect the work being performed and the amount of time spent on each task. Respondent has not identified any particular entries as being objectionable, and upon review I do not find any objectionable entries either. Accordingly, Petitioner is entitled to the full amount of attorneys' fees sought.

### b.    Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $7,747.86. The majority of this amount ($6,000.00) is for the expert work of Dr. Salvatore Napoli in reviewing medical records/literature and preparing an expert report which was ultimately filed. Dr. Napoli billed a total of 15 hours at $400.00 per hour. Fees App. at 39. The undersigned finds the hours billed and the rate requested for Dr. Napoli to be reasonable and shall award this amount in full. The remaining costs consist of acquiring medical records, postage, and travel expenses for meeting with Petitioner. Petitioner has provided adequate documentation for these costs and all appear to be reasonable in my experience. Accordingly, Petitioner is entitled to the full amount of costs sought.

### III.     Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $25,116.27 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$25,116.27** |
| | |
| Attorneys' Costs Requested | $7,747.86 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$7,747.86** |
| | |
| **Total Attorneys' Fees and Costs** | **$32,864.13** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $32,864.13, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Ronald Homer.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master