Joshua WASSON, by his legal
representative, Marquetia
WASSON, Petitioner,

v.

SECRETARY OF THE DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, Respondent.

No. 90–208V.

United States Claims Court.

Nov. 19, 1991.*

* This order originally was not issued for publication. The court received an oral request from a nonparty that the order be published. This order is reissued as of December 4, 1991, and is available for publication.

Charles E. Rendlen, Hannibal, Mo., for petitioner.

Carol B. Essrick, with whom were Asst. Atty. Gen. Stuart M. Gerson, Helene M. Goldberg, Director, and Frank F. Krider, Sp. Trial Counsel, Washington, D.C., for respondent.

## ORDER

ANDEWELT, Judge.

The court has reviewed the special master's July 5, 1991, decision on attorneys' fees and expenses, petitioner's motion for review, and the government's response thereto. Petitioner had requested a fee and expense award of $165,561.31 based on $250 per attorney hour for 514.10 hours, $125 per paralegal hour for 184.4 hours, and $13,986.31 to cover expenses. The spe-

cial master rejected petitioner's request and awarded petitioner $23,939.11 based on $150 per attorney hour for 100 hours, $50 per paralegal hour for 30 hours, and $7,439.11 for expenses.

 A special master's decision should be set aside only if the findings of fact or conclusions of law are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *See* 42 U.S.C. § 300aa–12(e)(2)(B). A request for attorneys' fees and expenses should not result in another extensive proceeding, and the special master is given reasonably broad discretion when calculating such awards. *See Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). *Inter alia,* the special master may rely upon both her own general experience and her understanding of the issues raised. *See Slimfold Mfg. Co. v. Kinkead Indus., Inc.,* 932 F.2d 1453, 1459 (Fed.Cir.1991). However, the special master must provide sufficient findings and analysis in her opinion for the court, upon review, to determine whether there was an abuse of discretion. *See Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941.

The court understands the factual and analytical basis of certain of the special master's conclusions and affirms those conclusions. However, the court lacks sufficient understanding as to the basis of certain other conclusions and remands those conclusions to the special master for additional explanation.

### A.

The special master did not base her decision on a line-by-line evaluation of the petition. She explained her rationale as follows:

The application itself, along with accompanying documentation and attachments, consists of 82 pages. Unfortunately, counsel has documented time entries and activities in such manner as to render it impossible for the special master to address with any degree of specificity the items contained therein. For this reason, the undersigned will address petitioner's request generally, and render a decision

based on general guidelines as to a reasonable fee in the context of the Vaccine Program and of this case in particular. *Wasson v. Secretary, HHS,* No. 90–208V, slip op. at 2, 1991 WL 135015 (Cl.Ct. July 5, 1991).

■■■ The court affirms the special master's approach. The petitioner bears the burden of establishing the hours expended, the rates charged, and the expenses incurred. *See Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941. Because petitioner's fee and expense request cryptically lists hours and descriptions of work, the special master reasonably concluded that she could not determine, based on that request, whether the hours claimed were reasonable. The special master did not abuse her discretion by proceeding to "render a decision based on general guidelines as to a reasonable fee." [1]

#### B.

■■■ To support the request for a $250 per attorney hour rate, petitioner relied upon eleven identical affidavits submitted by attorneys who practice law in the Eastern District of the Federal Court of Missouri, the same area in which petitioner's counsel practices. The special master, in refusing to give significant weight to these affidavits, stated:

Each affidavit alleges familiarity with the prevailing market rates in the area and claims that $250 per hour is reasonable for attorneys and half the attorney rate is reasonable for paralegals. The affidavits do not state precisely what those rates are with which they are "familiar," nor does the affidavit state what the affiant's own rate is. Such conclusory affidavits are of little probative worth. The court is unable to assess the reasonableness in the local community of the claimed rate. Nor do the affiants claim any knowledge of vaccine cases or of the skills needed under this simplified program.

*Wasson,* slip op. at 3. The court agrees with the special master's assessment. Where possible, such affidavits should focus on rates charged for work analogous to the work in issue.

To support a fee of $250 per attorney hour, petitioner also relied upon a fee agreement between petitioner and petitioner's counsel. But the Vaccine Act provides that attorneys' fees are determined by the court and not by the parties. [2] In such a statutory setting, the special master did not abuse her discretion by conducting her own independent evaluation of a reasonable hourly rate.

With respect to her evaluation, the special master stated:

Vaccine cases, while not always easy cases, do not involve the more difficult levels of proof required in traditional tort litigation. At the outset in this case, respondent conceded that petitioner was entitled to compensation. It was unnecessary, therefore, to undertake the difficult burden of proving causation, which entails special proficiency in medical and scientific matters.

*Wasson,* slip op. at 4. This observation is consistent with this court's previously expressed belief that vaccine cases do not always require the application of a full range of legal skills, and that any award of attorneys' fees should recognize the actual level of skills required for a particular case.

---

1. Petitioner contends that the special master should have notified petitioner if she had any problems with petitioner's request. But in the context of an 82–page submission that is so clearly inadequate, it is not appropriate to place such a burden on the special master to explain each problem. Petitioner should present adequate proof at the time of submission.

2. 42 U.S.C. § 300aa–15(e)(1) and (3) provides, in pertinent part:

(1) In awarding compensation on a petition ... the special master ... shall also award as part of such compensation an amount to cover—

 (A) reasonable attorneys' fees, and

 (B) other costs....

 * * * * * *

(3) No attorney may charge any fee for services in connection with a petition filed under section 300aa–11 of this title which is in addition to any amount awarded as compensation by the special master or court under paragraph (1).

*See, e.g., Zeagler v. Secretary, HHS,* 19 Cl.Ct. 151, 154 (1989).

The special master relied upon a series of other observations to support awarding a rate of $150 per attorney hour. She noted that special masters have awarded a maximum attorney hourly rate in vaccine cases of $225 and that this rate is reserved for attorneys of exceptional skill and experience who live in areas of high costs. The special master found that petitioner's counsel did not meet these requirements. *Inter alia,* while complimenting counsel in a general way, the special master concluded, in effect, that petitioner's counsel demonstrated inexperience in handling the matter. Finally, in setting the rate of $150 per attorney hour, the special master relied upon a study that listed fees charged by partners in six large law firms in St. Louis, Missouri, the nearest large city to Hannibal, Missouri, where petitioner's counsel practices. The survey showed partner fees ranging from a low of $100 per hour to a high of $215 per hour.

The approach used by the special master was reasonable and the factors she considered were each sound. This court concludes that the special master did not abuse her discretion when setting the reasonable attorney fee rate at $150 per hour.

### C.

■ Turning to the requested $125 per paralegal hour rate, the same conclusory affidavits submitted by petitioner to support the attorneys' fee request support the paralegal request. Hence, the same deficiencies are involved and the special master did not abuse her discretion in rejecting this rate.

The special master's rationale for setting an alternative $50 per paralegal hour rate, however, is not as adequately explained as the attorneys' fee rate. The special master merely stated in a conclusory fashion: "It is the court's experience that, absent unusual circumstances, an hourly rate of $50 for paralegals is reasonable and in keeping with rates allowed in vaccine cases in similar geographical areas."

It is appropriate here for the special master to rely upon her own experience in determining reasonable hours and fees. *See Slimfold,* 932 F.2d at 1459. But the conclusory nature of her statement herein makes it impossible for this court to evaluate whether the special master abused her discretion in so doing. Apparently, the special master had certain cases and certain geographical areas in mind when she concluded that $50 per paralegal hour is "in keeping with the rates allowed in vaccine cases in similar geographical areas." If so, those cases should be cited and their pertinence explained so that the court can assess if the special master acted within the scope of her discretion. Moreover, without some type of explanation of the "circumstances" surrounding this petition, the court cannot assess whether the special master abused her discretion when concluding there were no "unusual circumstances" here. Plaintiff apparently alleges there were.

### D.

■ Turning to the allowable attorney and paralegal hours, after concluding that the hours sought were excessive, the special master stated:

Under the circumstances, the undersigned will utilize its own experience in vaccine cases and estimate the amount of time that can be considered reasonable for an uncontested case. For this reason, the court will allow 100 hours of attorney time which is in keeping with other vaccine cases of comparable difficulty.

Thirty (30) hours for paralegal services will be allowed which is in keeping with hours allowed in other vaccine cases of comparable difficulty.

*Wasson,* slip op. at 5. Again, the special master apparently had some particular cases in mind when she referred to cases "of comparable difficulty." Those cases should be noted and, if necessary, briefly discussed. Petitioner contends that the instant case is far more complex than a typical uncontested case, *inter alia,* because it involves issues of first impression, includ-

ing projecting diminished abilities of the petitioner into future adulthood. Without some further explanation by the special master of the issues actually involved in the instant action and why these issues should be deemed to be "of comparable difficulty" to other cases, this court cannot determine whether an abuse of discretion occurred.

### E.

■ Plaintiff sought $9,527.20 to cover expert witness fees for Jeffrey F. Magrowski. The special master rejected the claim as "excessive" and awarded $3,200. Noting that petitioner had failed to provide adequate documentation, the special master again relied upon her experience. She explained:

Mr. Magrowski worked with respondent's life care planner, Mrs. Senn in preparation for the hearing. Apparently Mr. Magrowski had never prepared a life care plan prior to this case. Mr. Magrowski then drafted his own. Respondent argues that most of Mr. Magrowski's expenses, therefore, "were redundant and unnecessary." The court cannot agree with respondent that all such expenses should be disallowed, but neither is it appropriate to allow excessive charges because of the expert's inexperience. Much of the material provided by this witness was irrelevant and of only marginal usefulness.

*Wasson,* slip op. at 5 (citation omitted). The special master also stated:

Mr. Magrowski spent considerable time in providing information in the field of Hedonics, a science which attempts to quantify the loss of enjoyment of life. Because Hedonics is related only to amounts appropriate for pain and suffering in this case, the court feels justified in reducing Mr. Magrowski's claim accordingly.

*Id.* n. 4. The special master then concluded:

Based on the court's own experience in other vaccine cases, the court finds that $9,527.20 is unreasonable for the type of services provided and their usefulness. The court will allow $3,200 which approx-

imates costs allowed for similar services in other vaccine cases.

*Id.*

Petitioner disputes the contention that Hedonics is related only to amounts appropriate for pain and suffering. The court cannot evaluate the special master's conclusion to the contrary because the special master simply stated her conclusion without explaining her reasoning. Petitioner also disputes other aspects of the special master's award to Mr. Magrowski. But the special master presents only a conclusion that $3,200 "approximates costs allowed for similar services in other vaccine cases." Because there is no further explanation of what the special master believes constitutes "similar services in other vaccine cases," this court's review is again hampered.

In sum, the special master is entitled to and should rely upon her extensive experience in awarding reasonable fees and expenses. Moreover, she has broad discretion in making such awards. However, to permit this court to perform its review function and determine whether any abuse of discretion occurred, the special master must provide an appropriate description of the relevant experience and the reasoning that she used, based on that experience, to reach her conclusions.

### Conclusion

For the reasons set forth above, this action is remanded for further consideration by the special master. On or before January 2, 1992, the special master shall respond to this order.

IT IS SO ORDERED.