# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 9, 2019

\* \* \* \* \* \* \* \* \* \* \* \* \* \*
TADEK and RENATA TOWPIK,    \*
Parents of A.T., a minor,    \*    UNPUBLISHED
    \*
    Petitioners,    \*    No. 15-1213V
    \*    Special Master Gowen
v.    \*
    \*    Attorneys' Fees and Costs
SECRETARY OF HEALTH    \*
AND HUMAN SERVICES,    \*
    \*
    Respondent.    \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Edward M. Kraus, Law Offices of Chicago Kent, Chicago, IL, for Petitioner.
Jennifer Leigh Reynaud, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 12, 2018, Tadek and Renata Towpik ("Petitioners") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 68). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of $75,167.94.

### I.    Procedural History

On October 16, 2015, Petitioners filed a petition on behalf of their minor child, A.T., for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioners allege that A.T. suffered an encephalopathy as a result of a MMR vaccine administered on March 26,

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

2013. Petition at Preamble. Respondent filed a Proffer on March 29, 2018, which I adopted as my Decision on April 20, 2018. ECF No. 63.

On October 12, 2018, Petitioners filed a motion for attorneys' fees and costs. Petitioners request compensation for their attorney, Mr. Edward Kraus, in the total amount of $79,311.94, representing $42,463.40 in attorneys' fees, and $29,163.00 in costs. Fees App. 1. Petitioners also request $3,685.54 in costs for establishing the probate estate, and $4,000.00 for future administration of the guardianship for total Petitioners' costs of $7,685.54. *Id.*

Respondent reacted to the fees motion on October 17, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 7-8. (ECF No. 71). Respondent did, however, object to the $4,000.00 requested for future maintenance of the guardianship. *Id.* at 1, 6. Petitioners did not file a reply. Accordingly, the matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master shall award reasonable attorney's fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1). Petitioners in this case were awarded compensation pursuant to a proffer, and therefore they are entitled to an award of reasonable attorney's fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards sua sponte, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

For the work of their attorneys, Petitioners request the following rates of compensation: for Mr. Edward Kraus, $348.00 per hour for work performed in 2013, $361.00 per hour for work performed in 2014, $375.00 per hour for work performed in 2015, $389.00 per hour for work performed in 2016, $398.00 per hour for work performed in 2017, and $409.00 per hour for work performed in 2018; for Ms. Amy Kraus, $327.00 per hour for work performed in 2018; for Ms. Tara O'Mahoney, $225.00 per hour for work performed in 2014, $265.00 per hour for work performed in 2015, $275.00 per hour for work performed in 2016, and $281.00 per hour for work performed in 2017. Fees App. Ex. A. Petitioner also requests that paralegals be compensated at a rate of $110.00 per hour for work performed in 2015-2016, $125.00 per hour for work performed in 2017, and $145.00 per hour for work performed in 2018. *Id.* These amounts are consistent with what special masters have awarded Chicago Kent attorneys in previous cases. *See Friedel v. Sec'y of Health & Human Servs.*, No. 16-471V, 2017 WL 2926632 (Fed. Cl. Spec. Mstr. June 13, 2017);

*Reilly v. Sec'y of Health & Human Servs.*, No. 09-489V, 2018 WL 4390496 (Fed. Cl. Spec. Mstr. July 30, 2018); *Balek v. Sec'y of Health & Human Servs.*, No. 15-750V, 2018 WL 4623167 (Fed. Cl. Spec. Mstr. July 25, 2018). Accordingly, no adjustment to the requested rates is required.

Turning next to the hours billed, they appear to be mostly reasonable, considering that work for the case began in late 2013, almost two years before the filing of the petition. The only reductions required are for administrative tasks billed by paralegals. Several entries early in the case bill time for "Create exhibits" or "Prepare for filing." Fees App. at 4-6 (entries on 2/28/14, 4/2/14, 8/28/15, 10/16/15, 10/22/15, and 12/1/15). It is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). I will therefore not compensate Petitioners for this time billed, resulting in a reduction of attorneys' fees of **$144.00**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $29,163.00. Costs of note include the services of Dr. Marcel Kinsbourne for preparation of an expert report ($8,450.00) and the services of Life Care Consultants, Inc. in preparing a life care plan for A.T. ($18,521.88). Concerning the work of Dr. Kinsbourne, he has consistently been awarded $500.00 per hour for his work in the Vaccine Program. *See Hernandez v. Sec'y of Health & Human Servs.*, No. 16-1508V, 2018 WL 4391060 (Fed. Cl. Spec. Mstr. Aug. 20, 2018); *Pember v. Sec'y of Health & Human Servs.*, No. 15-1005V, 2018 WL 3989514 (Fed. Cl. Spec. Mstr. June 28, 2018). Additionally, the number of hours he expended on this matter (16.9) appears to be reasonable for the work performed in this case.

Likewise, I will also reimburse in full the expense for Life Care Planners, Inc. The hours expended (123.05) appear to be reasonable given the complexity of the case as well as the travel necessary to meet with Petitioners and A.T. Adequate documentation for all costs incurred has been provided, and all the costs appear to be reasonable.

The remainder of the requested costs are those typical to Vaccine Program litigation, such as medical records, postage, and travel. Petitioner has supported all these costs with adequate documentation, and they shall be awarded in full.

### c. Probate Costs

Petitioner finally requests $7,685.54 in costs personally incurred for the work of a probate attorney ($3,685.54) and for future maintenance of the guardianship ($4,000.00). I find the cost for the probate attorney to be reasonable for the 18.0 billed hours of work performed (as well as the cost for the filing fee in the local court).

The question of whether costs associated with future maintenance of the guardianship, however, remains open. I have previously ruled that the costs associated with future maintenance of a guardianship were compensable because they were "incurred" in a proceeding on the petition

because the proffer terms required the creation and maintenance of a guardianship, and state law for maintaining the guardianship set several expenses which would be incurred with the opening of a guardianship as a condition of its remaining open, even if payment was not made until the later dates, and the costs for preparation were stated as sums certain by the attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293, 2017 WL 7053992, at \*12 (Fed. Cl. Spec. Mstr. Dec. 19, 2017) (citing *Black v. Sec'y of Health & Human Servs.*, 33 Fed. Cl. 546 (Fed. Cl. 1995)).

On appeal, the Court of Federal Claims affirmed the award of costs for future costs of guardianship maintenance, albeit utilizing a different rationale. The Court held that state guardianship proceedings are not themselves proceedings upon a Vaccine Act petition as contemplated under 42 U.S.C. § 300aa-15(e)(1). *McCulloch v. Sec'y of Health & Human Servs.*, 137 Fed. Cl. 598, 602 (Fed. Cl. 2018) (noting that such a reading respecting attorneys' fees "would carry the Vaccine Act's text too far afield of its plain meaning."). However, the Court did hold that these costs were properly compensable under 42 U.S.C. § 300aa-15(a)(1)(A) as "reasonable projected unreimbursable expenses which … result from the vaccine-related injury for which the petitioner seeks compensation, … [that] will be incurred by or on behalf of the person who suffered such injury, and … will be for … case management services, … [and/or] residential and custodial care and service expenses." *Id.*[3]

Most recently, however, the Court of Federal Claims has declined to compensate a petitioner for future guardianship maintenance costs. In *Crespo*, the Court held that petitioners in the Vaccine Program are "not entitled to recover any and all costs that may be incurred in the future, regardless of the reason for the expenditure. The court will not expand the scope of the Vaccine Act to include costs incurred beyond what is required by the special master or the Act itself." *Crespo v. Sec'y of Health & Human Servs.*, 139 Fed. Cl. 231, 236 (Fed. Cl. 2018) (affirming the special master's decision to not award petitioner future guardianship costs).

I need not resolve the apparent discrepancy between these two decisions in the instant matter, however, because the requested amount for guardianship maintenance is simply too speculative. When I awarded future guardianship maintenance costs in *McCulloch*, the petitioner presented several sums certain in support of the requested amount, including an annual bond premium set by the local state court, a fee associated with annual accounting of petitioner's estate, which was set by state statute based upon the current size of the estate, and fees for the preparation of an annual guardianship plan, which while being an estimate, I found to be on the conservative side given the likelihood of inflation over petitioner's life expectancy. *McCulloch*, 2017 WL 7053992, at \*9.

The instant case lacks virtually all of the aforementioned specificity. All that was provided in support of the requested cost was a letter from Petitioner's guardianship attorney, Mr. Paul Burkhart, to Mr. Kraus stating that "provided there are no significant changes each year to the Initial Plan and Inventory, the estimated annual cost of maintaining the Guardianship should be in the neighborhood of approximately $1,000. However, as we cannot predict the Court and their requests, that number is subject to change." Fees App. at 85. Whereas the requirements for guardianship maintenance in *McCulloch* were expressly set forth by local statute, Petitioner has

---

[3] I note that an appeal of the decision of the Court of Federal Claims in *McCulloch* is presently pending before the Court of Appeals for the Federal Circuit.

cited no similar local statutes in the instant case. Indeed, based upon the language of Mr. Burkhart, it appears that the state court in the instant case maintains at least some amount of discretion as to what it requires in the way of annual filings concerning the guardianship. Accordingly, I find that the requested amount of $4,000.00 for future maintenance of the guardianship to be too speculative, and this cost will not be reimbursed.

III.    **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $42,463.40 |
| (Total Reduction of Billed Hours) | - ($144.00) |
| **Total Attorneys' Fees Awarded** | **$42,319.40** |
| | |
| Attorneys' Costs Requested | $29,163.00 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$29,163.00** |
| | |
| **Total Amount of Attorneys' Fees and Costs** | **$71,482.40** |
| | |
| Petitioners' Costs Requested | $7,685.54 |
| (Reduction of Costs) | - ($4,000.00) |
| **Petitioners' Costs Awarded** | **$3,685.54** |
| | |
| **Total Amount of Fees and Costs Awarded** | **$75,167.94** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $71,482.40, representing reimbursement for petitioners' attorneys' fees and costs, in the form of a check payable to petitioners and their attorney, Mr. Edward Kraus, Esq.; and**

2) **A lump sum in the amount of $3,685.54, representing reimbursement for petitioners' probate attorneys' fees and costs, in the form of a check payable to petitioners.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master