# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  March 28, 2019

```
* * * * * * * * * * * * *
SHARON CAGLE,                    *        UNPUBLISHED
                                 *
             Petitioner,         *        No. 16-693V
                                 *        Special Master Gowen
v.                               *
                                 *        Attorneys' Fees and Costs
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
             Respondent.         *
* * * * * * * * * * * * *
```

Michael A. Firestone, Marvin Firestone, MD, JD and Associates, San Mateo, CA, for Petitioner.
Christine M. Becer, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 12, 2018, Sharon Cagle ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 49). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of $51,110.50.

### I.      Procedural History

On June 13, 2016, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving the influenza ("flu") vaccine on September 8, 2014, she suffered from Sweet syndrome ("SS"), shingles, and a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. On October 17, 2018, the parties filed a

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

stipulation, which I adopted as my Decision awarding damages on the same day. Decision, ECF No. 46.

On December 12, 2018, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Mr. Michael Firestone, in the total amount of $49,406.40, representing $32,899.90 in attorneys' fees and $16,506.50 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants that she has personally expended $3,400.00 in pursuit of this litigation. *Id.* Respondent reacted to the fees motion on December 21, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 50). Petitioner did not file a reply. The matter is now ripe for adjudication.

II.     **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.  **Attorneys' Fees**

Petitioner requests the following rates of compensation for work performed by her attorneys: for Mr. Michael Firestone, $260.00 per hour for work performed in 2015, $269.62 per hour for work performed in 2016, $279.60 per hour for work performed in 2017, and $289.39 per hour for work performed in 2018; for Mr. Marvin Firestone, $400.00 per hour for work performed in 2015, $414.80 per hour for work performed in 2016, $430.15 per hour for work performed in 2017, and $445.21 per hour for work performed in 2018. Fees App at 21-22. Petitioner also requests that Ms. Pat Barrick, a nurse-paralegal, be compensated at $165.00 per hour for work performed in 2015, $171.11 per hour for work performed in 2016, $177.44 per hour for work performed in 2017, and $183.65 per hour for work performed in 2018. *Id.*

The rates requested herein are in conformance with what other special masters and I have consistently awarded Firestone firm attorneys and paralegals. *See Bulter v. Sec'y of Health & Human Servs.*, No. 16-814V, 2019 WL 978090 (Fed. Cl. Spec. Mstr. Jan 11, 2019); *Green v. Sec'y of Health & Human Servs.*, No. 15-1447V, 2017 WL 6336776, at *3 (Fed. Cl. Spec. Mstr. Nov. 16, 2017). Additionally, as noted in *Green*, although Ms. Barrick's rates are higher than the upper

end of the *McCulloch* range for paralegals, her experience as a registered nurse brings significant added value to medically complex cases such as those in the Vaccine Program. *Id.* Thus, her experience and credentials exceed what is typically contemplated of paralegals, and the requested rates are reasonable.

Turning next to the hours billed, I find that although the majority of the hours billed appear to be reasonable, two small reductions must be made to the overall award. First, Ms. Barrick billed time for scanning medical records, a task which has consistently been held to be administrative in nature and thus non-compensable in the Vaccine Program. It is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at \*3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). A total of 3.5 hours was billed in scanning and saving medical records. Fees App. at 23. This results in a reduction of **$577.50**.

Second, Mr. Firestone billed for travel at his full rate. In the Vaccine Program, special masters have consistently compensated travel time at one-half of an attorney's usual rate absent evidence that casework was being performed while traveling. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at \*3 (Fed. Cl. Spec. Mstr. Jun. 5, 2014). In this case, Mr. Firestone billed one entry for 8.0 hours which reads "RT travel to Truckee, CA from San Leandro and meet w client." Fees App. at 28. While it appears that a portion of the 8.0 hours billed includes meeting with the client, Mr. Firestone has not delineated specifically how much time was spent traveling and how much time was spent on the meeting. Accordingly, the entire entry must be reduced by 50%, resulting in a reduction of **$1,118.40**. Petitioner is therefore entitled to a final award of attorneys' fees of **$31,204.00**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $16,506.50. This amount consists of acquiring medical records, mailing costs, and the work of three experts, most notably Dr. Lawrence Steinman. Dr. Steinman billed a total of 28.5 hours at a rate of $500.00 per hour for review of medical records and preparation of both a preliminary and supplemental expert report. Fees App. at 4. I find the amount of time expended by Dr. Steinman in this matter to be reasonable, and his requested hourly rate is consistent with what I and other special masters have previously awarded him for his Vaccine Program work.

Petitioner also hired two other experts, Drs. Timothy Berger and Haley Naik, who reviewed medical records and provided opinion letters on behalf of Petitioner. *Id.* at 5-6. I find the amounts requested for their work reasonable as well in light of the work they performed and its overall importance in helping this case eventually reach a settlement.[3] Concerning the remaining costs, Petitioner has provided adequate documentation supporting them and they shall be awarded in full. Petitioner is therefore entitled to the full amount of costs sought, **$16,506.50**.

---

[3] In doing so, I note that I am not presently considering the reasonableness of the requested rates for Drs. Berger and Naik. I reserve the right to consider their rate of compensation in future cases in light of the work performed in those cases.

### c. Petitioner's Costs

Pursuant to General Order No. 9, petitioner warrants that she has personally expended $3,400.00 in pursuit of this litigation. This amount consists of a $3,000 retainer paid to Dr. Steinman and the Court's filing fee. I have already determined the costs associated with Dr. Steinman's work in this case are reasonable, and reimbursement of the Court's filing fee is always a reasonable cost. Therefore, Petitioner is entitled to full compensation for her costs.

## III.    Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $32,899.90 |
| (Reduction of Fees) | - (1,695.90) |
| **Total Attorneys' Fees Awarded** | **$31,204.00** |
| | |
| Attorneys' Costs Requested | $16,506.50 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$16,506.50** |
| | |
| **Total Attorneys' Fes and Costs** | **$47,710.50** |
| | |
| **Petitioner's Costs** | **$3,400.00** |
| | |
| **Total Amount Awarded** | **$51,110.50** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $47,710.50, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Michael Firestone.[4]; and**

2) **A lump sum in the amount of $3,400.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).