# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  March 31, 2021

\* \* \* \* \* \* \* \* \* \* \* \* \*    \*
GIANLUCA SACCONE,                    \*    UNPUBLISHED
                                     \*
             Petitioner,             \*    No. 18-113V
                                     \*    Special Master Gowen
v.                                   \*
                                     \*    Attorneys' Fees and Costs
                                     \*
SECRETARY OF HEALTH                  \*
AND HUMAN SERVICES,                  \*
                                     \*
             Respondent.             \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Darryl R. Wishard*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 6, 2022, Gianluca Saccone ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 80). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of $25,525.59.

## I.    Procedural History

On January 23, 2018, Petitioner filed a petition for compensation under the National Vaccine Injury Program.[2] Petition at Preamble. (ECF No. 1). Petitioner alleges that as a result of receiving an influenza vaccination on December 22, 2015, he suffered Guillain-Barré syndrome. On October 19, 2021, the parties filed a stipulation, which I adopted as my decision awarding compensation on October 20, 2021. (ECF No. 75).

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On January 6, 2022, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation in the total amount of $26,325.99, representing $23,780.60 in attorneys' fees and $2,545.39 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants he did not personally incur costs in pursuit of his claim. Respondent filed his response on January 20, 2022, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 81). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II.    **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a reasonable award of final attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

Petitioner requests the following rates for the work of his counsel: for Ms. Amy Senerth: $275.00 per hour for work performed in 2020, $300.00 per hour for work performed in 2021, and $325.00 per hour for work performed in 2022; and for Ms. Shealene Mancuso, $225.00 per hour for work performed in 2017, $233.00 per hour for work performed in 2018, $250.00 per hour for work performed in 2019, and $275.00 per hour for work performed in 2020. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and I find them reasonable for work performed in the instant case as well.

Upon review, the overall number of hours billed appears to be largely reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. However, a small reduction must be made for paralegals billing time for clerical tasks such as filing documents and for attorney time directing paralegals to file documents. This results in a reduction of $800.40. Petitioner is therefore awarded final attorneys' fees of $22,980.20.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v.*

*Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $2,545.39. This amount is comprised of acquiring medical records, postage, and the Court's filing fee. Fees App. at 20. All of these costs are typical of Vaccine Program litigation, are reasonable in my experience, and have been supported by Petitioner with adequate documentation. Accordingly, Petitioner is awarded the full amount of costs requested.

III.    **Conclusion**

**Accordingly, I award a lump sum in the amount of $25,525.59, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and his attorney, Ms. Amy Senerth.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).