# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### Filed: March 29, 2022

```
*  *  *  *  *  *  *  *  *  *  *  *  *     *
M.M.,                                      *        UNPUBLISHED
                                           *
            Petitioner,                    *        No. 17-68V
                                           *        Special Master Gowen
v.                                         *
                                           *        Attorneys' Fees and Costs
                                           *
SECRETARY OF HEALTH                        *
AND HUMAN SERVICES,                        *
                                           *
                                           *
            Respondent.                    *
*  *  *  *  *  *  *  *  *  *  *  *  *     *
```

*Amber D. Wilson*, Wilson Science Law, Washington, DC, for Petitioner.
*Wei Kit Tai*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 13, 2021, M.M. ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 95). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$159,794.66**.

### I.    Procedural History

On January 17, 2017, Petitioner filed a petition for compensation under the National Vaccine Injury Program.[2] Petition at Preamble. (ECF No. 1). Petitioner alleges that as a result of receiving a tetanus-diphtheria-acellular pertussis vaccine on August 5, 2015, she developed Guillain-Barré syndrome. Stipulation ¶ 4. On November 24, 2021, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 90).

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On December 13, 2021, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation in the total amount of $162,015.46, representing $56,661.80 in attorneys' fees for counsel's old law firm, $70,877.10 in attorneys' fees for counsel's current law firm, $11,593.82 in costs for counsel's old law firm and $22,822.74 in costs for counsel's current law firm. Fees App. at 1-2. Pursuant to General Order No. 9, Petitioner warrants she has personally incurred costs totaling $83.55 in pursuit of her claim. *Id.* at 2. Respondent filed his response on December 27, 2021, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 96). Petitioner filed a reply on December 27, 2021, reiterating her belief that the requested fees and costs are reasonable.

The matter is now ripe for adjudication.

## II.     **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a reasonable award of final attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.  **Attorneys' Fees**

Petitioner requests the following rates for the work of her counsel, Ms. Amber Wilson: $301.00 per hour for work performed in 2016, $308.00 per hour for work performed in 2017 and 2018, $323.00 per hour for work performed in 2019, $345.00 per hour for work performed in 2020, and $378.00 per hour for work performed in 2021. Some of these rates exceed what Ms. Wilson has previously been awarded for her Vaccine Program work – Ms. Wilson has typically been awarded $275.00 per hour for work performed in 2016 and $290.00 per hour for work performed in 2017. *See, e.g., Colapietro v. Sec'y of Health & Human Servs.*, No. 17-785V, 2019 WL 4415741, at *2 (Fed. Cl. Spec. Mstr. Aug. 13, 2019). Application of these hourly rates results in a reduction of $820.80 reduced from the amount Petitioner has requested to be paid to Ms. Wilson's former law firm, Maglio Christopher and Toale.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be largely reasonable. Although the total number of hours billed was large, it reflects the voluminous amount of medical records which were required and reviewed, coordinating with multiple experts, preparing for and participating in mediation, and settlement discussions. However, I have identified some minor issues which require small reductions. First is

that routine court orders were typically reviewed by both Ms. Wilson and a firm paralegal, leading to an excessive amount of time billed for their review, and excessive time billed for drafting routine filings such as motions for extension of time and other notices of filing. Based upon my general sense of these issues, I shall reduce $1,000.00 from the hours attributable to Maglio Christopher and Toale.

Second, when Ms. Wilson departed Maglio Christopher and Toale to start her own solo practice, it appears that she decided not to utilize a paralegal. However, some of the time billed by Ms. Wilson is of the nature that a firm paralegal would typically handle, such as inquiring with providers for medical records and following up about their status, as well as handling some communication with the client. It is to be expected that without a firm paralegal assisting her, Ms. Wilson would have to handle all of these tasks herself – however, such work should be billed at an hourly rate commensurate to what a paralegal would bill at. *See Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) ("[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed."). Accordingly, I shall reduce the fees awardable to Ms. Wilson's solo practice by $400.00.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $34,476.56. This amount is comprised of acquiring medical records, postage, the Court's filing fee, work performed by Petitioner's medical expert, Dr. S. Sohail Ahmed, and mediation services and costs. All of these costs are typical of Vaccine Program litigation, are reasonable in my experience, and have been supported by Petitioner with adequate documentation. Accordingly, Petitioner is awarded the full amount of costs requested.

### III. Conclusion

**Accordingly, I award the following:**

1) **a lump sum in the amount of $93,359.84, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Wilson Science Law;**

2) **a lump sum in the amount of $66,434.82, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her former law firm Maglio Christopher and Toale, PA, to be forwarded to 1605 Main Street, Suite 710, Sarasota Florida 34236; [3] and**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

3) **a lump sum of $83.55, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**


**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).