# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed:  April 8, 2025

\* \* \* \* \* \* \* \* \* \* \* \* \*  \*
MARK V. DAVIS,                             \*
                                                     \*
        Petitioner,              \*        No. 16-276V
                                                     \*
v.                                                   \*        Special Master Gowen
                                                     \*
SECRETARY OF HEALTH                  \*
AND HUMAN SERVICES,              \*
                                                     \*
        Respondent.            \*
\* \* \* \* \* \* \* \* \* \* \* \* \*

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.
*Julia Marter Collison*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 16, 2024,  Dr. Mark V. Davis, ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 174). For the reasons discussed below, I **GRANT** petitioner's motion for attorneys' fees and costs and award a total of **$536,045.16.**

## I.        Procedural History

On February 26, 2016, Mark V. Davis ("petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] (Petition) (ECF No. 1). Petitioner alleged that he developed brachial neuritis as listed on the effective Vaccine Injury Table, after receiving a tetanus-diphtheria ("Td") vaccination in his right arm on September 20, 2013. *Id*. Entitlement was granted following a hearing held in New York City.  Following a subsequent damages hearing,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

I issued my decision on December 21, 2023, resolving all categories of damages and awarding petitioner $1,036,017.00 in past lost wages and $250,000.00 in pain and suffering. (ECF No. 169).

On October 23, 2023, petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation in the total amount of $561,340.16, representing $497,035.40 in attorneys' fees and $58,503.31 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants that he personally incurred costs in in the amount of $5,801.45 in pursuit of his claim. *Id*. Respondent reacted to the fees motion on July 22, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 175). Petitioner filed her reply on July 29, 2024, requesting the Court award the fees and costs be awarded in full. Reply at (ECF No. 176).

The matter is now ripe for adjudication.

## II.      Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation, he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.  Attorneys' Fees

Petitioner requests the following rates of compensation for his attorneys: for Ms. Leah V. Durant ("LVD"), $350.00 per hour for work performed in 2015 and 2016, $365.00 per hour for work performed in 2017, $377.00 per hour for work performed in 2018, $380.00 per hour for work performed in 2019, $395.00 per hour for work performed in 2020, $420.00 for work performed in 2021, $441.00 for work performed in 2022, $463.00 per hour for work performed in 2023, and $486.00 per hour for work performed in 2024; for Mr. Mike Milmoe ("MM"), $455.00 per hour for work performed in 2018, $464.00 per hour for work performed in 2019, $484.00 per hour for work performed in 2020, $509.00 for work performed in 2021, and $525.00 per hour for work performed in 2022, and $553.00 for work performed in 2023; for Ms. Summer Abel ("SA"), $260.00 per hour for work performed in 2020; and for Mr. Christopher Williams ("CW"), $325.00 per hour for work performed in 2021, $341.00 per hour for work performed in 2022, and $358.00 per hour for work performed in 2023. Additionally, for paralegals, petitioner requests $140.00 per hour for work performed in 2016, $145.00 per hour for work performed in 2017, $150.00 per hour for work performed in 2018 and 2019, $160.00 per hour for work performed in 2020, $165.00 per hour for work performed in 2021, $173.00 per hour for work performed in 2022, $181.00 per hour for work performed in 2023, and $190.00 per hour for work performed in 2024. The rates requested are consistent with what counsel have previously been awarded for their Vaccine Program work,

and I find them to be reasonable herein. Petitioner also requests $376.00 per hour for work performed by Mr. Williams in 2024, representing a rate increase of $18.00. I find this hourly rate to be reasonable and will award the attorney's fees requested.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter require reduction. I recognize that this case was complex and presented significant challenges, including multiple experts, status conferences, and economic expert reports, an entitlement hearing, an unsuccessful mediation, followed by a damages hearing and a subsequent damages decision. However, I find that the number of hours spent on certain aspects of this case were excessive. Of note, Ms. Durant spent 158.0 hours, totaling $55,300.00, researching and devising strategy, *prior to* filing the petition. I find it reasonable to reduce this amount by 15% percent, resulting in a reduction of **$8,295.00**.

A further issue with the billing entries is that they frequently display block billing by combining several discrete tasks into one large entry. The result is numerous entries billed for, on average, 2.5 – 10.5 hours such as "Prepare for meeting. Participate in teleconference with (Dr. Feinberg). Devise strategy . . . ." and "Review file. Participate in teleconference with LVD and DOJ counsel (Julia Collison). Engage in discussions re. forthcoming hearing. Coordiante [sic.] with LVD and client following call. Devise strategy." Fees App. Ex. 1 at 10, 16. There are more than 60 instances of such billing entries by Ms. Durant and her associates. Between December 2022, and December 2023, counsel billed approximately 145 hours finalizing the lost wages claim. *See, e.g., id*. at 34-42. On January 23, 2023, Mr. Milmoe billed 9.5 hours to "Review and evaluate evidence (sustantial) [sic]. Analyze projections. Review taxes, and evaluate financial materials (all). Coordinate with economist (Bob Cook)." *Id*. at 34. Then, on February 23, 2023, he billed 10.5 hours to "Coordinate with economist (Dr. Cook). Obtain revised lost wage analysis. Review and evaluate economic projections. Anallyze [sic.] economic evidence to date (substantial). Devise detailed legal strategy. Conduct research." *Id*. at 35. While I am cognizant that many of these activities may be related such that one activity naturally flows into the next throughout the course of an attorney's workday, such billing practices make it difficult to assess the reasonableness of the time expended and many of the entries look excessive without further explanation. Accordingly, I find it reasonable to reduce the amount billed finalizing the lost wages claim by approximately 10% to account for excessive and block-billed entries. This results in an additional reduction of **$7,000.00**.

Finally, I note that the hours billed by Mr. Williams largely involved reviewing files, evaluating medical records, analyzing facts, drafting notices of filings, filing records, reviewing order, drafting motions for an extension of time, drafting status reports, and legal research. *See* Fees App. Ex. 1 at 35-42. Although it is not unusual in firms with several attorneys who practice in the same area to strategize and consult with one another, recognizing that each attorney brings his/her unique views and strengths to a case, Mr. Williams's efforts were largely duplicative or clerical tasks that could have been performed by a secretary or paralegal. Additionally, much of the time spent appeared to be in learning a file that had already been mastered by others in the firm who could have performed the work more efficiently. Accordingly, I find it reasonable to reduce attorneys' fees by an additional **$10,000.00** to account for the duplicative and clerical billing.

Therefore, Petitioner is entitled to final attorneys' fees of $471,740.40.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $58,503.31. This amount is comprised of acquiring medical records, postage, scanning, process server fees, the damages hearing transcript, lost wage accountant fees, mediator fees, expert fees, and costs related to the entitlement hearing and the damages hearing including train fare for two of petitioner's counsel, hotel, food, cab, and parking. Fees App. Ex. 2 at 2. This amount also includes expert services performed by the following experts: review of medical records and opinion by Dr. Catherine Shaer at $250.00 per hour for 37.02 hours totaling $9,255.83; Dr. Joseph Feinberg at $500.00 per hour for 48.5 hours totaling $24,250.00; Dr. Darryl B. Sneag at $500.00 per hour for 5 hours totaling $2,500.00; one half of mediation services provided by former chief special master Gary Gronkiewicz at $400.00 per hour for 38.9 hours totaling $7,788.35; and, accounting services provided by Boatman & Bryant CPAs at $300.00-$400.00 per hour for 29.5 hours totaling $8,850.00. *Id*. at 5-6, 8-12, 15-16, 18-21, 26. Petitioner has provided adequate documentation supporting all of his requested costs and all expenses appeared to be reasonable and necessary for the presentation of the case. Petitioner is therefore awarded the full amount of costs sought.

### c. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner warrants that he personally incurred costs in the amount of $5,801.45 in pursuit of his claim. This amount includes: expenses related to a November 10, 2015 medical visit in New York, NY, in order to be evaluated by expert witness Dr. Feinberg, including accommodations, airfare, and baggage fees; expenses related to the January 17-18, 2019 entitlement hearing in New York, NY, including airfare, four nights hotel, food, and cab; expenses related to the November 19, 2019 mediation in Washington, DC, including airfare, four nights hotel, food, and cab; and, expenses related to the October 23, 2024 damages hearing in Washington, DC including airfare, four nights hotel, food, and cab. *See* Fees App. Ex. 2 at 2. Petitioner has provided adequate documentation supporting all of his requested costs and they appear reasonable and necessary for the presentation of this case. Petitioner is therefore awarded the full amount of personally incurred costs sought.

## III. Conclusion

In accordance with the foregoing, I hereby **GRANT** Petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $497,035.40 |
| (Reduction of Fees) | (25,295.00) |
| **Total Attorneys' Fees Awarded** | **$471,740.40** |
| | |
| Attorneys' Costs Requested | $58,503.31 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$58,503.31** |
| | |

| Total Attorneys' Fees and Costs | $530,243.71 |
|---|---|
| | |
| Petitioner's Costs Requested | $5,801.45 |
| (Reduction of Costs) | - |
| **Total Petitioner's Costs Awarded** | **$5,801.45** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $530,243.71, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

2) **A lump sum in the amount of $5,801.45, representing reimbursement for Petitioner's personally incurred litigation costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

/s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).