# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 15, 2019

* * * * * * * * * * * * *
|   |   |   |
|---|---|---|
| KIM MAILANGKAY, | * | UNPUBLISHED |
|  | * |  |
| Petitioner, | * | No. 18-036V |
|  | * |  |
| v. | * | Special Master Gowen |
|  | * |  |
| SECRETARY OF HEALTH | * |  |
| AND HUMAN SERVICES, | * | Attorneys' Fees and Costs; |
|  | * | Voluntary Dismissal. |
| Respondent. | * |  |
|  | * |  |

* * * * * * * * * * * * *

*Michael A. Firestone¸* Marvin Firestone, MD, JD and Associates, San Mateo, CA for petitioner.
*Alexis B. Babcock*, Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 5, 2018, Kim Mailangkay ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged as a result of an influenza ("flu") vaccine she received on October 5, 2015, she developed neurological injuries, including left-sided Bell's palsy, migraine with aura, disequilibrium and depression. Petition at Preamble. On May 10, 2019, petitioner filed a motion for a decision dismissing the petition. ECF No. 29. The undersigned granted petitioner's motion and petitioner's claim was thereafter dismissed for insufficient proof. Decision (ECF No. 30).

On September 10, 2019, petitioner filed an application for attorneys' fees and costs. Petitioner's Fees Application ("Fees App.") (ECF No. 35). Petitioner requests a total attorneys'

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

fees and costs in the amount of $18,581.37 (representing $11,681.37 in attorneys' fees and costs, $3,400 of costs incurred by petitioner). Fees App. at ¶¶ 2-3. Respondent responded to the motion on September 13, 2019 stating, "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," and requests that the undersigned "exercise his discretion and determine a reasonable award for attorneys' fees and costs." Respondent's Response ("Resp. Response") at 2-3 (ECF No. 36). Petitioner did not file a reply to respondent's response.

This matter is now ripe for adjudication.

## I.      LEGAL STANDARD

Under Section 15(e) of the Vaccine Act, a special master "may" award reasonable attorneys' fees and costs "if the special master determines that the petition was brought in good faith and there was a reasonable basis for which the petition was brought" even when a petition does not result in compensation for petitioner. 42 U.S.C. § 300aa-15(e)(1).

The Vaccine Act permits an award of "reasonable" attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonably expended on the litigation. *Id*. at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id*. at 484 n.1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008). Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

## II.      ANALYSIS

I find no reason to doubt the good faith and reasonable basis for which the claim was brought. Petitioner asserted that she suffered neurological injuries as a result of receiving the flu vaccine. Petition at Preamble. Petitioner's initial injury of left-sided facial droop or Bell's palsy were documented in the medical records. *See* Rule 5 Order (ECF No. 28). However, the medical records also indicated that petitioner's Bell's palsy symptoms resolved before meeting the six-month severity requirement of the Vaccine Program. *Id.* at 2. Additionally, after

reviewing the expert reports, it appeared that the petitioner would be unable to attribute her migraines or her initial symptoms of Bell's palsy to the flu vaccine. *Id.* at 2-3.

Therefore, I encouraged counsel to speak with petitioner and recommended she file a motion to dismiss the petition. Petitioner filed the motion to dismiss the petition within a reasonable time after the status conference, thus not utilizing more of the Court or respondent's time in litigating this case.

Although it appeared unlikely that petitioner would be entitled to recovery after a careful review of the case, including the medical records, expert reports and medical literature filed, I find that petitioner initially had evidence of a medical condition that could be caused by vaccination. Additionally, by dismissing the claim after a review of the facts at the status conference, the amount of fees and costs were limited. Accordingly, I find that petitioner should be awarded reasonable attorneys' fees and costs.

## III.    REASONABLE ATTORNEYS' FEES and COSTS

### A.  Hourly Rate

Petitioner requests compensation for her attorney, Mr. Michael Firestone. Petitioner requests that Mr. Firestone be reimbursed at a rate of $269.62 per hour for work performed in 2016; $279.60 per hour for work performed in 2017; $ 289.39 per hour for work performed in 2018; and $300.10 per hour for work performed in 2019. Petitioner also requests compensation for a nurse paralegal, Ms. Patricia Barrick, for work performed in the same time period ranging from $171.11-$190.45 per hour.

Mr. Firestone has been awarded these attorney and paralegal rates before by other special masters in the Vaccine Program. *See Suh et al., v. Sec'y of Health & Human Servs.,* No. 16-944V; 2017 WL 1021840 (Fed. Cl. Spec. Mstr. Feb. 14, 2017); and *Geidemann et al., v. Sec'y of Health & Human Servs.,* No.16-443V, 2017 WL 1210078 (Fed. Cl. Spec. Mstr. Mar. 7, 2017). Additionally, the rates requested are consistent with the Attorneys' Forum Hourly Rate Fee Schedule[3] for the years that correspond with the years Mr. Firestone worked on the matter for petitioner.

### B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant or otherwise unnecessary. *See Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1521 (Fed. Cir. 1993). As the Secretary did specifically object to the number of hours petitioner requests, I have reviewed the fee application for its reasonableness. *See McIntosh v. Sec'y of Health & Human Servs.,* 139 Fed. Cl. 238 (2018). A line-by-line evaluation of the invoiced hours is not required; instead I may rely on my experience to evaluate the reasonableness of the hours expended. *Wasson*, 24 Cl. Ct. at 484. Petitioner requests compensation for a total of 40.8 hours expended by Mr. Firestone and Ms. Barrick. Based on my experience and the outcome of the case, these hours are not excessive or redundant

---

[3] Office of Special Masters Attorneys Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914

and I find that they are reasonable.  Given the length of the case, the need for medical experts to ultimately resolve the case and that counsel took immediate steps to reduce any further time expended by the Court and the respondent on this case, I find that the hours billed are reasonable and no reductions are necessary.  **Accordingly, petitioner is awarded attorney's fees in the amount of $11,520.59.**

### C.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement for costs must be reasonable.  *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests a total of $12,746.01 in costs.  This request includes the cost of postage, copying medical records and obtaining medical records.  Petitioner requests counsel be reimbursed at amount of $160.78 for these costs.  These costs are typical of the expenses in the Vaccine Program.  Additionally, counsel has provided receipts and invoices related to these costs.

Additionally, counsel requested a total amount of costs for retaining an expert, Dr. Lawerence Steinman of $6,500.00.  Fees. App at 1.  Petitioner submitted an invoice to substantiate these costs.  Additionally, Dr. Steinman has provided expert reports and testimony in many cases before the Vaccine Program.  The amount Dr. Steinman charged for reviewing the medical records and providing an expert report in this case is reasonable.  In the application for attorneys' fees, petitioner stated that Dr. Steinman was paid $3,000 as a retainer by petitioner personally, as noted below, and has an outstanding balance of $3,500.00.  Fees App. at 1.  Additionally, petitioner request that a $3,500.00 check be made payable directly to Dr. Steinman.  Typically, in this program petitioner's counsel is provided the amount necessary to pay the costs for an expert as part of the reimbursed costs and the attorney is responsible for transmitting payment to the expert.  Therefore, the $3,500.00 balance will be incorporated into petitioner's counsel's costs.  **Accordingly, petitioner is awarded attorneys' costs in the total amount of $3,660.78.**

### D.  Petitioner's Costs

The petitioner's attorneys' fees and costs application includes a signed General Order #9 from petitioner, indicating that she has expended $3,400.00 in costs.  More specifically, petitioner paid the filing fee of $400.00 and the $3,000.00 retainer for Dr. Steinman.  **Accordingly, petitioner is awarded costs in the total amount of $3,400.00.**

## IV.  CONCLUSION

In accordance with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED.**  Accordingly, I will award the following:

1) **A lump sum in the amount of $15,181.37, representing reimbursement for petitioner's attorneys' fees and costs (including $3,500.000 for expert costs), in the form of a check payable jointly to petitioner and her counsel, Mr. Michael Firestone;**

**2) A lump sum in the amount of $3,400.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.[4]**

In absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[4] These amounts are intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).