# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  April 23, 2020

```
* * * * * * * * * * * * *   *
JAMES WRIGHT,                *      UNPUBLISHED
                             *
        Petitioner,          *      No. 15-815V
                             *      Special Master Gowen
v.                           *
                             *      Attorneys' Fees and Costs
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
        Respondent.          *
* * * * * * * * * * * * *   *
```

Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.
Camille M. Collett, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 8, 2020, James Wright ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 65). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$106,231.59**.

## I.  Procedural History

On July 31, 2015, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving the influenza ("flu") vaccine on September 28, 2012, he suffered Guillain-Barré syndrome ("GBS") and polymyalgia rheumatica ("PMR"). Petition at 1. On November 22, 2019, the parties filed a stipulation, which I adopted as my Decision

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

awarding compensation on the same day. Decision, ECF No. 61.

On January 8, 2020, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for his attorney, Mr. Jeffrey Pop, in the total amount of $106,231.59, representing $48,364.20 in attorneys' fees and $57,867.39 in costs. Fees App. at 5-7. Pursuant to General Order No. 9, Petitioner warrants that he not personally incurred any costs in pursuit of this litigation. Fees App. Ex. 8. Respondent reacted to the fees motion on January 22, 2020, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 66). Petitioner did not file a reply. The matter is now ripe for adjudication.

II.     **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.  **Attorneys' Fees**

Petitioner requests the following rates of compensation for work performed by her attorneys: for Mr. Jeffrey Pop, $400.00 per hour for work performed in 2015, $420.00 per hour for work performed in 2016-2018, and $453.00 per hour for work performed in 2019; for Ms. Kristina Grigorian, $235.00 per hour for work performed in 2015, $250.00 per hour for work performed in 2016-2018, and $292.00 per hour for work performed in 2019; and for Ms. Alexandra Pop, $225.00 per hour for work performed in 2015-2018 and $262.00 per hour for work performed in 2019. Fees App Ex. 2 at 2. The rates requested for the attorneys and law clerks in this case are consistent with what I and other special masters have awarded Mr. Pop's firm for their work on Vaccine Program cases. *See Morrison v. Sec'y of Health & Human Servs.*, No. 16-526V, 2017 WL 6889720 (Fed. Cl. Spec. Mstr. Nov. 28, 2018); *Contreras-Rodriguez v. Sec'y of Health & Human Servs.*, No. 05-626V, 2018 WL 3989507 (Fed. Cl. Spec. Mstr. July 2, 2018). Accordingly, no adjustment to the requested rates is necessary.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not

identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$48,364.20**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $57,867.39. This amount consists of acquiring medical records and medical literature, mailing costs, travel costs, and the work petitioner's experts, Drs. Lawrence Steinman and S. Sohail Ahmed. I have reviewed the submitted documentation and billing records and I find that the work performed by Petitioner's experts is reasonable and that all costs have been supported with adequate documentation. Accordingly, Petitioner is entitled to the full amount of costs sought.

## III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $48,364.20 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$48,364.20** |
| | |
| Attorneys' Costs Requested | $57,867.39 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$57,867.39** |
| | |
| **Total Attorneys' Fees and Costs** | **$106,231.59** |

**Accordingly, I award a lump sum in the amount of $106,231.59, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and his attorney, Mr. Jeffrey Pop.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master