# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  December 16, 2020

```
* * * * * * * * * * * * *
The Estate of BRIAN WALKER      *
by its Personal Representative  *
CYNTHIA HART,                   *      UNPUBLISHED
                                *
          Petitioner,           *      No. 18-1433V
                                *      Special Master Gowen
v.                              *
                                *      Attorneys' Fees and Costs
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
          Respondent.           *
* * * * * * * * * * * * *
```

Scott W. Rooney, Nemes, Rooney P.C., Farmington Hills, MI, for Petitioner.
Jennifer L. Reynaud, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 22, 2020, Cynthia Hart, as personal representative of the estate of Brian Walker, ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 45). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$14,097.64**.

I.      **Procedural History**

On September 20, 2018, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that Brian Walker suffered a demyelinating condition

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

affecting his lower extremities after receiving an influenza vaccination on September 22, 2015. *See* Petition (ECF No. 1). On May 28, 2020, Petitioner filed a motion to voluntarily dismiss her petition, and on August 10, 2020, I issued my decision dismissing the petition for insufficient proof. (ECF No. 47).

On July 22, 2020, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation for her attorney, Mr. Scott Rooney, in the total amount of $14,582.46, representing $14,013.00 in attorneys' fees and $569.46 in costs. Fees App. at 1-2. Pursuant to General Order No. 9, Petitioner warrants she has personally incurred costs of $276.83 in pursuit of her claim. *Id.* at 2. Respondent reacted to the fees motion on August 5, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 46). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II.    **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, I do not doubt the good faith in filing the petition, and the case had a reasonable basis to proceed for as long as it did. Respondent also has not challenged the good faith or reasonable basis of the claim. Accordingly, I find that Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.  **Attorneys' Fees**

Petitioner requests that her counsel, Mr. Scott Rooney, be compensated at $350.00 per hour for all work performed in this case, from 2018-2020. These rates are consistent with what myself and other special masters have previously awarded Mr. Rooney for his Vaccine Program work, and I find them to be reasonable for work performed in the instant case as well. *See Wyllis v. Sec'y of Health & Human Servs.*, No. 11-764V, 2019 WL 2564580, at *2 (Fed. Cl. Spec. Mstr. Apr. 3, 2019).

Upon review of the submitted billing statement, I find the overall hours spent on this matter requires reduction due to vague and otherwise unnecessary/erroneous billing entries. Special

masters have consistently reduced an award of attorneys' fees for vagueness. *See Barry v. Sec'y of Health & Human Servs.*, No. 12-39, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reducing a fee award by 10% due to vague billing entries); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. June 27, 2009).

Examples of vagueness in entries include multiple entries throughout the lifetime of the case for "Draft memo" with no further description of the subject of that memo of what it is being used for and entries for correspondence do not indicate the subject or purpose of that correspondence. Entries such as these do not permit the undersigned to determine the reasonableness of the activity because they lack any sort of detail.

Accordingly, the undersigned shall reduce the final award of attorneys' fees by 5%. This results in a reduction of **$700.65**. Petitioner is thus awarded final attorneys' fees in the amount of **$13,312.35**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $569.46. This amount is comprised of the Court's filing fee, postage, copying costs, and faxing/scanning costs. Requiring reduction are the requested costs for "Fax/Scan." *Id.* at 11-12. Operating a fax machine or a scanner is a cost better categorized as an overhead expense inherent to operating a law firm, and thus it is not compensable. *Dashty v. Sec'y of Health & Human Servs.*, No. 15-966V, 2018 WL 6990680, at *5 (Fed. Cl. Spec. Mstr. Nov. 21, 2018); *Bourche v. Sec'y of Health & Human Servs.*, No. 15-232V, 2017 WL 2480936, at *5 n.5 (Fed. Cl. Spec. Mstr. May 11, 2017). This results in further reduction of costs of **$61.00**. Accordingly, Petitioner is awarded final attorneys' costs of **$508.46**.

### c. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner states that she has personally incurred costs of $276.83 related to her case. Fees App. at 14. This amount is comprised of postage and the Court's filing fee. Petitioner has provided adequate documentation to support the costs and all appear to be reasonable. Therefore, Petitioner shall be fully reimbursed.

## III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $14,013.00 |
|---|---|

| | |
|---|---|
| (Reduction of Fees) | - ($700.65) |
| **Total Attorneys' Fees Awarded** | **$13,312.35** |
| | |
| Attorneys' Costs Requested | $569.46 |
| (Reduction of Costs) | - ($61.00) |
| **Total Attorneys' Costs Awarded** | **$508.46** |
| | |
| **Total Attorneys' Fees and Costs** | **$13,820.81** |
| | |
| **Petitioner's Costs** | **$276.83** |
| | |
| **Total Amount Awarded** | **$14,097.64** |

**Accordingly, I award the following:**

1) **a lump sum in the amount of $13,820.81, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Scott Rooney;[3] and**

2) **a lump sum in the amount of $276.83, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).