# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 16, 2021

\* \* \* \* \* \* \* \* \* \* \* \* \* \*
ERIC P. CABRERA *and* CAROL
CABRERA *natural parents and*
*guardians of L.C., a minor,*

        Petitioners,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \*

    UNPUBLISHED

    No. 13-598V
    Special Master Gowen

    Attorneys' Fees and Costs

<u>Sylvia Chin-Caplan</u>, Law Office of Sylvia Chin-Caplan, Boston, MA, for Petitioners.
<u>Darryl R. Wishard</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 15, 2020, Eric and Carol Cabrera ("Petitioners") filed a motion for attorneys' fees and costs. Petitioners' Motion for Attorney Fees ("Fees App.") (ECF No. 183). For the reasons discussed below, the undersigned **GRANTS** Petitioners' motion for attorneys' fees and costs and awards a total of **$168,522.55.**

### I.    **Procedural History**

On August 13, 2013, Petitioners filed a petition in the National Vaccine Injury Compensation Program on behalf of their minor child, L.C.[2] Petitioners alleged that as a result of

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

receiving a diphtheria-tetanus-acellular pertussis vaccine on August 30, 2010, L.C. developed juvenile idiopathic arthritis. An entitlement hearing was held on November 19, 2015. I found the portioner entitled to compensation. On March 11, 2020, the parties filed a proffer, which I adopted as my Decision awarding damages on the same day. Decision, ECF No. 176.

On September 15, 2020, Petitioners filed a motion for attorneys' fees and costs. Petitioners request compensation for their attorney, Ms. Sylvia Chin-Caplan, in the total amount of $146,203.00, representing $115,496.10 in attorneys' fees and $30,706.90 in costs. Fees App. at 1. Petitioners also request 21,648.00 in attorneys' fees and $671.55 in costs for work of local probate counsel. *Id.* Thus, the total requested amount is $168,522.55. Respondent reacted to the fees motion on September 16, 2020, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 184). Petitioners did not file a reply. The matter is now ripe for adjudication.

II.     **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioners were awarded compensation pursuant to a proffer, and therefore they are entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.  **Attorneys' Fees**

Petitioner requests the following rates of compensation for his attorney, Ms. Chin-Caplan: $414.00 per hour for work performed in 2017, $429.00 per hour for work performed in 2018, $445.00 per hour for work performed in 2019, and $461.00 per hour for work performed in 2020. Fees App. at 29. These rates are consistent with what Ms. Chin-Caplan has previously been awarded for her work in those years. *See Anderson v. Sec'y of Health & Human Servs.*, No. 02-1314V, 2018 WL 6787880, at *2 (Fed. Cl. Spec. Mstr. Nov. 16, 2018). Accordingly, no adjustment to the requested rates is required.

Upon review of the submitted billing statement, I find the overall hours spent on this matter appear to be reasonable. The billing entries are reasonable and accurately describe the work being performed and how long it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to the full amount of

attorneys' fees sought, **$115,496.10**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $30,706.90, comprised of the cost of acquiring medical records, postage, and work performed by petitioners' life care planner. Fees App. at 79-80. Petitioner has provided adequate documentation supporting all these costs, and they shall be reimbursed in full.

Petitioners also request a total of $22,319.55 for the work of their Colorado probate counsel, Ms. Mari Bush. While Ms. Bush's hourly rate of $410.00 per hour is higher than what I typically see charged by counsel in probate matters, I find that it is reasonable in the instant case. Ms. Bush has been licensed to practice law since 1980 and in addition to doing probate work, she has also been counsel of record in several Vaccine Program cases. Given the complex nature of this case, I find that Ms. Bush's Vaccine Program expertise was helpful in moving this case towards a favorable resolution for petitioners. I have reviewed her billing invoices and find them to be reasonable for the work required in this case. Petitioners are therefore awarded the full amount of costs sought.

## III. Conclusion

In accordance with the foregoing, Petitioners' motion for attorneys' fees and costs is **GRANTED**. I find that Petitioners are entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $115,496.10 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$115,496.10** |
| | |
| Attorneys' Costs Requested | $53,026.45 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$53,026.45** |
| | |
| **Total Attorneys' Fees and Costs** | **$168,522.55** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $168,522.55, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to Petitioners and their attorney, Ms. Sylvia Chin-Caplan.[3]**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**


/s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).