# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: September 24, 2021

* * * * * * * * * * * * * *
KENNEDY DEESE,          *       UNPUBLISHED
                            *
         Petitioner,       *       No. 19-1127V
                            *       Special Master Gowen
v.                            *
                            *       Attorneys' Fees and Costs
SECRETARY OF HEALTH       *
AND HUMAN SERVICES,       *
                            *
         Respondent.       *
* * * * * * * * * * * * * *

*Nancy R. Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.
*Claudia B. Gangi*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 9, 2021, Kennedy Deese ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 33). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$11,592.30**.

## I.      Procedural History

On August 2, 2019, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she developed immune thrombocytopenia as a result of receiving an influenza vaccine on October 16, 2018. *See* Petition (ECF No. 1). On October 8, 2020, I filed an order to show cause. Petitioner's counsel filed a status report on November 9, 2020, indicating that she had tried several times to contact petitioner, but that petitioner had not responded. On

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

November 12, 2020, I issued my decision dismissing the petition for failure to prosecute and insufficient proof. (ECF No. 29).

On July 9, 2021, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation for her attorney, Ms. Nancy Meyers, in the total amount of $11,892.30, representing $11,490.50 in attorneys' fees and $401.80 in costs. Fees App. at 1. Respondent reacted to the fees motion on July 26, 2021, stating that respondent defers to the special master to determine whether the statutory requirements for an award of attorneys' fees and costs are met in this case. Response at 2 (ECF No. 36). Petitioner filed a reply on July 28, 2021, concurring with respondent that I should exercise my discretion in determining a reasonable award of attorneys' fees and costs. Reply at 1 (ECF No. 35).

The matter is now ripe for adjudication.

II.     **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

This case set forth a claim of documented idiopathic thrombocytopenia with significantly low platelets within a period of weeks after receipt of the flu vaccine. The petitioner continued to pursue medical care for this condition for about six months, but her platelets were found to have returned to normal six months and two days after the onset of her condition. Her physician noted that she likely had a quick recovery as he would have expected. The petitioner claimed that she had some vague symptoms after the six-month period had expired and was given the opportunity to provide evidence that her symptoms could have been caused by the now returned to normal platelet count. Recognizing the problems with the case, Ms. Myers indicated that she would withdraw as counsel, but that petitioner wished to continue *pro se.* The petitioner was given multiple opportunities to file additional evidence to address the problems that I had identified at status conferences but failed to do so. Accordingly, an order to show cause was issued. No response was filed and the case was dismissed.

Thrombocytopenia is a condition that has been compensated in the program following receipt of various vaccines, but multiple cases have been dismissed because the petitioner recovered within six months. In this case the period of documented injury was borderline and counsel did endeavor to provide all necessary evidence and medical records until her client no longer cooperated.

Although the petition was eventually dismissed, I do not doubt the petition was filed in a good faith belief that petitioner's injuries were caused by her vaccination. For the reasons set forth above I have concluded that the petition had a reasonable basis until the time that Ms. Myers decided that she should withdraw as counsel. She continued to assist the court in communicating

with her client after that point as requested. Accordingly, petitioner is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

Petitioner requests that her attorney, Ms. Nancy Meyers, be compensated at the following hourly rates: $390.00 per hour for work performed in 2019 and $400.00 per hour for work performed in 2020, and $430.00 per hour for work performed in 2021. These rates are consistent with what Ms. Meyers has previously been awarded for her Vaccine Program work, and I find them to be reasonable for his work in the instant case as well.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter to be largely reasonable. The billing entries accurately describe the work being performed and the length of time it took to perform each task. However, a small reduction must be made for some clerical tasks billed by paralegals such as filing documents, and also for some duplicative review of filings by both paralegals and Ms. Meyers. A reasonable reduction for these issues is $300.00. Therefore, Petitioner is entitled to final attorneys' fees of **$11,190.50**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $401.80. This amount is comprised of the Court's filing fee and postage. Fees App. Ex. 1 at 2. Petitioner has provided adequate documentation supporting these costs and all appear reasonable in my experience. Petitioner is therefore awarded the full amount of costs sought.

III.   **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $11,490.50 |
|---|---|
| (Reduction of Fees) | - ($300.00) |
| **Total Attorneys' Fees Awarded** | **$11,190.50** |
| | |
| Attorneys' Costs Requested | $401.80 |

| | |
|---|---|
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$401.80** |
| | |
| **Total Attorneys' Fees and Costs** | **$11,592.30** |

**Accordingly, I award a lump sum in the amount of $11,592.30, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Ms. Nancy Meyers.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).