# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 31, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| DEBORAH N. COLEMAN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 19-1476V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Elizabeth M. Muldowney*, Sands Anderson PC, Richmond, VA, for Petitioner.
*Tracy R. Patton,* United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 5, 2023, Deborah Coleman ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 83). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$64,063.62.**

## I.     Procedural History

On September 25, 2019, Deborah N. Coleman ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving the influenza vaccine on October 14, 2016, she suffered Guillain-Barré syndrome. *Id*. On July 7, 2021, I issued a Ruling on Entitlement, finding that petitioner was entitled to compensation. Ruling on Entitlement (ECF No. 34). On April 12, 2023, the parties filed a proffer, which I adopted as my decision awarding compensation on the same day. (ECF No. 78).

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755

On July 5, 2023, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Ms. Elizabeth Muldowney, in the total amount of $65,057.57, representing $59,622.10 in attorneys' fees and $5,435.47 in costs. Fees App. at 4. Pursuant to General Order No. 9, Petitioner warrants she personally incurred costs of $37.45 in pursuit of her claim. Fees App. Ex. 1. Respondent reacted to the fees motion on July 24, 2023, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 85). Petitioner filed a reply on July 25, 2023, requesting the Court award fees and costs in full. (ECF No. 86).

The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a proffer, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

Petitioner requests the following rates for the work of her counsel, Ms. Elizabeth Muldowney: $353.00 per hour for work performed in 2017, $363.00 per hour for work performed in 2019, $388.00 per hour for work performed in 2020, $408.00 per hour for work performed in 2021, $421.00 per hour for work performed in 2022 and $450.00 per hour. These rates are consistent with what Ms. Muldowney has previously been awarded for her Vaccine Program work and I find them to be reasonable herein.

I reviewed the submitted billing entries and find that an overall reduction to the requested fees is warranted for administrative tasks such as finalizing and formatting documents. *See Guerrero v. Sec'y of Health & Human Servs.*, No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in nonrelevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. 6 Cir. Apr. 22, 2016). I shall reduce the final award of fees by $1,000.00, representing an approximate two percent reduction, to account for these issues. Petitioner is therefore awarded final attorney's fees of $58,622.10.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $11,379.05. This amount is comprised of acquiring medical records, the Court's filing fee, and work performed by Petitioner's medical expert, Dr. Salvatore Napoli. Petitioner has provided adequate supporting documentation for all the costs, and they appear to be reasonable upon review with one exception regarding the costs associated with "outgoing telecopier expense" and "long distance calls". The court has previously considered charges regarding a fax machine "to be subsumed in the hourly rate as part of office 'overhead' and thus not compensable." *Ceballos v. Sec'y of Health & Human Servs.,* 2004 WL 784910, at *14*, Phann v. Sec'y of Health & Human Servs.,* No. 17-1125, 2019 WL 5098972 (Fed. Cl. Spec. Mstr. Jul. 23, 2019). Therefore, I deny the aforementioned costs and award final attorney costs in the amount of $5,404.07. For petitioner's out of pocket expenses I award the full amount incurred.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $59,622.10 |
| (Reduction of Fees) | ($1,000.00) |
| **Total Attorneys' Fees Awarded** | **$58,622.10** |
| | |
| Attorneys' Costs Requested | $5,435.47 |
| (Reduction of Costs) | - ($31.40) |
| **Total Attorneys' Costs Awarded** | **$5,404.07** |
| | |
| **Petitioner's Costs Awarded** | **$37.45** |
| | |
| **Total Attorneys' Fees and Costs** | **$64,063.62** |

**Accordingly, I award the following:**

1) **a lump sum in the amount of $64,026.17 representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Ms. Elizabeth Muldowney[3]; and**

2) **a lump sum in the amount of $37.45 representing reimbursement for petitioner's costs in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).