# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

*Filed: May 29, 2024*

```
* * * * * * * * * * * * *   *
FRANK CRAWFORD,             *
                            *
          Petitioner,       *      No. 18-198V
                            *
v.                          *      Special Master Gowen
                            *
SECRETARY OF HEALTH         *
AND HUMAN SERVICES,         *
                            *
          Respondent.       *
* * * * * * * * * * * * *   *
```

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioner.
*Emilie Williams*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 8, 2023, Frank Crawford, ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 108). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$105,812.96.**

## I.        Procedural History

On February 8, 2018, Frank Crawford ("petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] (Petition) (ECF No. 1). Petitioner alleged that the influenza ("flu") vaccine he received on September 6, 2016, caused him to suffer nausea and vomiting, which resulted in him falling and sustaining a head, shoulder, and hip injuries. *Id*. I issued my decision on August 3, 2023, finding that Petitioner suffered severe nausea and vomiting within hours of the vaccination resulting in a vasovagal event in which he lost consciousness,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

suffered an open laceration of the forehead, a displaced, comminuted fracture of the left shoulder, a small fracture of the pelvis and a compression fracture of the L1 vertebrae, and awarding compensation in the amount of $145,180.00. (ECF No. 105).

On September 8, 2023, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation in the total amount of $105,812.96, representing $84,741.70 in attorneys' fees and $21,071.26 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants he has not personally incurred any costs in pursuit of his claim. *Id*. Respondent did not respond to the fees motion.

The matter is now ripe for adjudication.

## II.    Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation, he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.  Attorneys' Fees

Petitioner requests the following rates of compensation for his attorneys at Richard Gage, P.C.: for Mr. Richard Gage: $318.00 per hour for work performed in 2017, $326.00 per hour for work performed in 2018, $338.00 per hour for work performed in 2019, $350.00 per hour for work performed in 2020, $362.00 per hour for work performed in 2021, $393.00 per hour for work performed in 2022, and $422.00 per hour for work performed in 2023; for Ms. Kristen Blume: $355.00 per hour for work performed in 2021, and $422.00 per hour for work performed in 2023; and for Ms. Kristen Rieman: $200.00 per hour for work performed in 2018. Fees App. Tab B at 1-24. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and I find them to be reasonable herein. I shall also award the requested paralegal time at the provided rates.[3]

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent did not respond

---

[3]The rates for the 6 paralegals who worked on this matter are also consistent with what has been previously awarded and in accordance with the Office of Special Masters' fee schedule. The paralegals billed $120.00 per hour in 2017-2020, $130.00 per hour in 2021, $141.00 per hour in 2022, and $152.00 per hour in 2023. *See* Fees App. Tab G.

to the fees motion, and thus has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $84,741.70.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $21,071.26. This amount is comprised of acquiring medical records, postage, copies, the Court's filing fee, and the entitlement hearing transcript. Fees App. Tab H at 2. This amount also includes expert services performed by Dr. Vera Byers at $400.00 per hour for 40.5 hours totaling $16,200.00, as well as services provided by Dr. Edward Bates at $500.00 per hour for four hours totaling $2,000.00. *Id*. at 12-13. Petitioner has provided adequate documentation supporting all of his requested costs. Petitioner is therefore awarded the full amount of costs sought.

## III. Conclusion

In accordance with the foregoing, I hereby **GRANT** Petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $84,741.70 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$84,741.70** |
| | |
| Attorneys' Costs Requested | $21,071.26 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$21,071.26** |
| | |
| **Total Attorneys' Fees and Costs** | **$105,812.96** |

**Accordingly, I award the following: a lump sum in the amount of $105,812.96, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his counsel, Richard Gage of Richard Gage, P.C.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).